IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 2, 2016

**STATE OF TENNESSEE v. RAYMOND B. THOMAS**

**Appeal from the Circuit Court for Dyer County**
**No. 14-CR-127      R. Lee Moore, Jr., Judge**

————————————————————

**No. W2016-00486-CCA-R3-CD  -  Filed October 14, 2016**

————————————————————

Raymond B. Thomas ("the Defendant") pleaded guilty to one count of felony failure to appear and was sentenced to two years' incarceration.  On appeal, the Defendant challenges the trial court's denial of his request for an alternative sentence.  Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

James E. Lanier, District Public Defender, and Sean P. Day, Assistant District Public Defender, for the appellant, Raymond B. Thomas.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Phil Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

The Defendant was indicted with one count of felony failure to appear.  Pursuant to a plea agreement, the Defendant pleaded guilty to felony failure to appear, as a Range II multiple offender, with the sentence to be determined by the trial court at a subsequent sentencing hearing.  The plea agreement also stated that the Defendant would serve his sentence in this case consecutively to the sentence he was currently serving for a parole violation.

The State offered two reports, one labeled an "investigation report" and the other a "presentence report," at the sentencing hearing. The reports stated that the Defendant failed to appear in the Dyer County Circuit Court on felony charges and that he was arrested after the issuance of a capias warrant. In his statement, the Defendant said that he had gone to Newbern to visit his mother and that he "ended up getting stranded in Newbern and had no money to pay for a taxi and he could not find anyone to give him a ride to the courthouse." In his statement, the Defendant apologized to the court and stated that he "should be able to follow the rules of probation if he receives a suspended sentence." However, the Defendant's statement also said that it would be "difficult for him to get to his appointments on time because of his lack of transportation."

The reports also showed that the Defendant had a prior conviction for sale of less than .5 grams of cocaine, one conviction for facilitation of sale of cocaine, and one conviction for disorderly conduct. The Defendant was sentenced to community corrections for his facilitation of sale of cocaine conviction, but his probation was revoked and he was ordered to serve the balance of his sentence in confinement. The reports also stated that the Defendant was paroled from custody for one of his prior sale of cocaine convictions in March 2012 but that the Defendant's parole was revoked in August 2014. According to the investigation report, the Defendant committed the offense in this case while he was under parole supervision. Additionally, the reports showed that the Defendant had other convictions from Toledo Ohio Municipal Court and Newbern Municipal Court and that he had two pending charges for sale of a Schedule III drug in Dyer County Circuit Court. The Defendant also reported using marijuana "on one or two occasions per week" since he was released on parole in 2012.

The trial court found that the Defendant had a history of criminal convictions and criminal behavior in addition to those necessary to establish the range. As to whether the Defendant should be granted an alternative sentence, the trial court found that the Defendant had a "significant history of criminal behavior." The trial court also noted that measures less restrictive than confinement had been used but had "not solved whatever problem [the Defendant] might have and, consequently, I have some questions about your potential for rehabilitation[.]" The trial court also stated that it did not think the nature of the crime along with the Defendant's prior record would permit the court to grant him an alternative sentence. The trial court sentenced the Defendant to two years' incarceration.

The Defendant filed a Motion for New Sentencing Hearing, alleging that the trial court erred when it denied an alternative sentence. At a hearing on the motion, the Defendant argued that he was not a violent offender and that his conviction was a "somewhat victimless crime[.]" The Defendant asked the court to reconsider an alternative sentence. The State noted that the Defendant had more convictions than necessary to establish him as a Range II offender and that he had a prior violation of probation. The trial court found that it had addressed all of the Defendant's arguments

during the original sentencing hearing and denied the motion. This timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the trial court erred when it denied an alternative sentence. The Defendant contends that he should have been granted an alternative sentence because he has shown remorse and because his offense did not involve a crime that "threatened personal injury, life, or property damage." The State argues that the trial court did not abuse its discretion when it sentenced the Defendant to serve his sentence in confinement. We agree with the State.

As a preliminary matter, we note that the transcript of the Defendant's guilty plea is not included in the record on appeal. However, because the transcript of the sentencing hearing contains the facts of the case and the trial court appears to have based its decision regarding alternative sentencing solely on the evidence presented during the sentencing hearing, the record is sufficient for this court to conduct a meaningful review. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). We presume "that the missing transcript would support the ruling of the trial court." Id.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). In State v. Caudle, the supreme court expanded its holding in Bise to trial courts' decisions regarding alternative sentencing. Caudle, 388 S.W.3d at 278-79.

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2014); Bise, 380 S.W.3d at 706. However, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." Bise, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2014), Sentencing Comm'n Cmts.

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and

characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103 (2014).

Under Tennessee Code Annotated section 40-35-103, the trial court should look to the following considerations to determine whether a sentence of confinement is appropriate:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2014).

In this case, the record shows that the trial court considered the purposes and principles of sentencing as well as the factors relevant to imposing a sentence of confinement. The reports entered into evidence showed that the Defendant had prior felony convictions and two pending felony charges in the Dyer County Circuit Court. Additionally, the reports showed that the Defendant had previously had both his probation and his parole supervision revoked. The record supports the trial court's finding that the Defendant had a long history of criminal conduct and that measures less restrictive than confinement had been recently unsuccessfully applied to the Defendant. The trial court did not abuse its discretion when it denied the Defendant's request for an alternative sentence.

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE